UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
MERCY PEREZ, on behalf of herself and
all other persons similarly situated,

                     Plaintiff,                             **COMPLAINT**

   -against-

PEARL RIVER PASTRY, LLC, JOSEPH KOFFMAN
and MARTIN KOFFMAN,                             *Class Action*

                     Defendants.
-----------------------------------------------------------------------X

      Plaintiff, MERCY PEREZ ("Plaintiff"), on behalf of herself and all other persons similarly situated, by and through her attorneys, the Law Office of Peter A. Romero PLLC, complaining of the Defendants, PEARL RIVER PASTRY, LLC, JOSEPH KOFFMAN and MARTIN KOFFMAN (collectively, "Defendants"), alleges as follows:

## NATURE OF THE ACTION

      1.     Plaintiff brings this action against Defendants to recover unpaid minimum wages and premium overtime wages under the Fair Labor Standards Act, 29 U.S.C. §201 et seq., ("FLSA"), New York Labor Law and Articles 6 and 19, §650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142. Plaintiff also brings this action on behalf of herself and similarly situated current and former employees of Defendant who have worked as hourly-paid manual workers in the State of New York at any time during the six (6) years prior to the filing of this Complaint pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover statutory damages for violation of New York Labor Law §191. Plaintiff seeks injunctive and declaratory relief, compensatory damages, liquidated damages, punitive damages, attorneys' fees and other appropriate relief.

1

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

3. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. §216(b).

4. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391.

5. Defendant does business in the State of New York, within the Southern District of New York.

## PARTIES

6. At all relevant times, Defendant, PEARL RIVER PASTRY, LLC, is and was a domestic limited liability company that operates a commercial bakery in West Nyack, New York.

7. At all relevant times, Defendant, PEARL RIVER PASTRY, LLC, was subject to the requirements of the FLSA because it had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, including but not limited to food and baking ingredients including, but not limited to, flour, yeast, grain, cheese, milk, and sugar and bakeware, utensils, cleaning supplies, office supplies, receipt papers, pens, and paper, many of which undoubtably traveled in interstate commerce and originated from other states.

8. At all relevant times, Defendant PEARL RIVER PASTRY, LLC was and is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) and NYLL § 190(3).

9. At all relevant times from in or about December 2018, Defendant, JOSEPH KOFFMAN was active in the day to day management of Defendant PEARL RIVER PASTRY, LLC, including the payment of wages to the Plaintiff and determining what wages were paid to

Plaintiff, scheduling and hours worked, had the power to hire, fire and discipline employees and approve all personnel decisions, was responsible for maintaining personnel records relating to Plaintiff's employment, and is liable to Plaintiff as an "employer" within the meaning of the FLSA and NYLL.

10. At all relevant times from in or about December 2018, Defendant, MARTIN KOFFMAN was active in the day to day management of Defendant PEARL RIVER PASTRY, LLC, including the payment of wages to the Plaintiff and determining what wages were paid to Plaintiff, scheduling and hours worked, had the power to hire, fire and discipline employees and approve all personnel decisions, was responsible for maintaining personnel records relating to Plaintiff's employment, and is liable to Plaintiff as an "employer" within the meaning of the FLSA and NYLL.

11. At all times relevant, Plaintiff was an "employee" within the meaning of Labor Law §190(2) and a "manual worker" within the meaning of Labor Law §190(4).

## FACTUAL ALLEGATIONS

12. Defendant, PEARL RIVER PASTRY, LLC, is a manufacturer of baked goods located in West Nyack, New York that sells vegan baked goods to national food sellers such as Whole Foods and Safeway. Defendant employees approximately 127 employees.

13. Defendant employs hourly-paid manual workers at its manufacturing facility including, but not limited to, cooks, bakers, mixers, machine operators, cake/ cookie decorators, pot/pan washers, mechanics, maintenance workers, packagers, packers and warehouse workers.

14. Defendant's hourly-paid employees, including, but not limited to, cooks, bakers, mixers, machine operators, cake/ cookie decorators, pot/pan washers, mechanics, maintenance

workers, packagers, packers and warehouse workers, are "manual workers" within the meaning of New York Labor Law § 190(4).

15. Plaintiff was employed by Defendant as an hourly-paid production worker from in or about 2017 to January 2021. Plaintiff's job duties included preparing and baking food.

16. Plaintiff regularly worked Monday through Friday 2 weeks each month and Monday through Saturday 2 weeks each month. Plaintiff began work each workday at 6:30 a.m. and regularly finished work Monday through Friday between 4:00 p.m. and 5:00 p.m. and between 1:00 p.m. and 2:00 p.m. on Saturday.

17. Throughout her employment, Plaintiff was regularly required to clock-in and clock-out by swiping an employee identification card in Defendant's timekeeping system. Defendant manually adjusted Plaintiff's recorded work hours to reflect fewer hours so that it failed to compensate Plaintiff for all hours worked. Defendant impermissibly shaved Plaintiff's time and then paid her wages only for the shaved hours instead of actual hours worked. As a result, Defendant failed to properly compensate Plaintiff for all hours worked and failed to compensate Plaintiff for hours worked after 40 hours per workweek at the overtime rate.

18. Defendant failed to pay Plaintiff and similarly situated manual workers employed in the State of New York "on a weekly basis and not later than seven calendar days after the end of the week in which the wages are earned." Instead, Defendant paid Plaintiff and similarly situated manual workers on a bi-weekly or semi-monthly basis pursuant to its payroll policy in violation of New York Labor Law § 191.

## RULE 23 CLASS ACTION ALLEGATIONS
## NEW YORK STATE LABOR LAW

19. Plaintiff brings New York Labor Law claims on behalf of herself and a class of persons under F.R.C.P. Rule 23 consisting of all persons who are currently, or have been,

4

employed by the Defendant as hourly-paid manual workers including, but not limited to, cooks, bakers, mixers, machine operators, cake and cookie decorators, pot and pan washers, mechanics, maintenance workers, packagers, packers and warehouse workers in the State of New York at any time during the six (6) years prior to the filing of this Complaint (hereinafter referred to as the "Class" or the "Class Members").

20. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendant. The hours assigned and worked, the position held, and rates of pay and dates of employment for each Class Member may also be determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under F.R.C.P. Rule 23.

21. The proposed Class is numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendant, upon information and belief there are over forty (40) individuals who are currently, or have been, employed by the Defendant as hourly-paid manual workers at any time during the six (6) years prior to the filing of this Complaint.

22. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including, but not limited to, whether Defendant paid Plaintiff and Class Members on a bi-weekly or semi-monthly basis in violation of Labor Law section 19 and the nature and extent of the Class-wide injury and the appropriate measure of damages for the class.

23. Plaintiff's claims are typical of the claims of the Class that she seeks to represent. Defendant failed to pay Plaintiff "on a weekly basis and not later than seven calendar days after the end of the week in which the wages are earned." Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class Members were subject to the same corporate practices of Defendant. Defendant's corporate-wide policies and practices affected all Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

24. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff has retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

25. A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in court against a corporate defendant.

26. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs.

27.     The members of the Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendant's practices.

28.     Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

## FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT

29.     Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

30.     Defendant failed to compensate the Plaintiff for all hours worked each week in violation of the FLSA.

31.     Defendant failed to compensate the Plaintiff for all hours worked in excess of forty (40) hours per week at a rate of at least one and one-half times the regular hourly rate in violation of the FLSA.

32.     Plaintiff is entitled to recover unpaid wages in amounts to be determined at trial, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## SECOND CLAIM FOR RELIEF
## NEW YORK LABOR LAW UNPAID WAGES

33. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

34. Defendant failed to compensate the Plaintiff for all hours worked each week in violation of the New York Labor Law.

35. Defendant failed to compensate the Plaintiff for all hours worked excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate in violation of New York Labor Law.

36. Plaintiff is entitled to recover from Defendant unpaid wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## THIRD CLAIM FOR RELIEF
## FREQUENCY OF PAYMENT VIOLATION

37. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

38. Plaintiff and Class Members are manual workers within the meaning of New York Labor Law § 190(4).

39. Defendant was required to pay Plaintiff and Class Members on a weekly basis, and no later than seven days after the end of the workweek in which the wages were earned.

40. Defendant failed to pay Plaintiff and Class Members on a weekly basis and instead paid Plaintiff and Class Members bi-weekly or semi-monthly in violation of Labor Law §191.

41. Plaintiff and Class Members are entitled to damages equal to the total of the delayed wages and reasonable attorney's fees and costs.

## FOURTH CLAIM FOR RELIEF
## WAGE NOTICE VIOLATION

42. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

43. Defendant failed to provide Plaintiff and Class Members with a written notice upon hire, in their primary language or at all, regarding, *inter alia*, their rate of pay, the basis of their rate of pay, the employee's regular pay day, the name, address and telephone number of the employer, and other information as required by NYLL § 195(1).

44. Defendant is liable to Plaintiff and Class Members for statutory damages pursuant to New York Labor Law § 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment awarding the following relief:

(i) Unpaid wages and an additional and equal amount as liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* and the supporting United States Department of Labor regulations;

(ii.) Unpaid wages and an additional and equal amount as liquidated damages pursuant to the New York Labor Law and the supporting New York State Department of Labor Regulations;

(iii.) Certification of a Class Action pursuant to F.R.C.P. 23;

(iv.) Designation of Plaintiff as representative of the Class and counsel of record as Class Counsel;

(v.) Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the New York Labor Law;

(vi.) Damages pursuant to NYLL § 198;

(vii.) Reasonable attorneys' fees and the costs incurred in prosecuting these claims;

(vii.)  Pre-judgment and post-judgment interest as permitted by law; and

(viii.) Such other relief as this Court deems just and proper.

Dated: Hauppauge, New York
February 11, 2021

        LAW OFFICE OF PETER A. ROMERO PLLC

By:   */s Peter A. Romero*
      _____
      Peter A. Romero, Esq.
      825 Veterans Highway
      Hauppauge, New York 11788
      Tel. (631) 257-5588
      promero@romerolawny.com

*Attorneys for Plaintiff*