UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

MERCY PEREZ,

                        Plaintiff,                  **DECISION AND ORDER**

     -against-                                  21-cv-1259 (AEK)

PEARL RIVER PASTRY, LLC, *et al.*,

                        Defendants.
------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**[1]

      Plaintiff Mercy Perez commenced this action on February 11, 2021, asserting claims against Defendants Pearl River Pastry, LLC, Joseph Koffman, and Martin Koffman for violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") based on the failure to pay overtime wages, failure to pay on a weekly basis, and failure to provide a wage notice. ECF No. 1. Before the Court is the parties' application for approval of a settlement agreement in accordance with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). ECF No. 34 ("*Cheeks* Mot."). For the reasons that follow, the Court APPROVES the settlement agreement.

## DISCUSSION

      In the Second Circuit, "parties cannot privately settle FLSA claims with a stipulated dismissal with prejudice under Federal Rule of Civil Procedure 41 absent the approval of the district court or the [United States] Department of Labor." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 599 (2d Cir. 2020). Thus, a district court in this Circuit must review a proposed FLSA

---

[1] The parties have consented to the Court's jurisdiction pursuant to 28 U.S.C. § 636(c). ECF No. 32.

settlement and determine whether it is fair and reasonable. *See, e.g.*, *Cronk v. Hudson Valley Roofing & Sheetmetal, Inc.*, No. 20-cv-7131 (KMK), 2021 WL 38264, at *2 (S.D.N.Y. Jan. 5, 2021). When reviewing a proposed settlement agreement in an FLSA case, district courts consider the "totality of circumstances," *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012), to assess whether the agreement is fair and reasonable, including the following factors:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Fisher*, 948 F.3d at 600 (quoting *Wolinsky*, 900 F. Supp. 2d at 335). In addition, the following factors "weigh against approving a settlement":

> (1) the presence of other employees situated similarly to the claimant; (2) a likelihood that the claimant's circumstance will recur; (3) a history of FLSA non-compliance by the same employer or others in the same industry or geographic region; and (4) the desirability of a mature record and a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace.

*Wolinsky*, 900 F. Supp. 2d at 336 (quotation marks omitted). "[T]here is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Xiao v. Grand Sichuan Int'l St. Marks, Inc.*, No. 14-cv-9063, No. 15-cv-6361 (RA), 2016 WL 4074444, at *2 (S.D.N.Y. July 29, 2016) (quotation marks omitted).

Having reviewed the parties' submissions in support of the proposed settlement, and having considered the totality of the circumstances, the Court finds that the parties' settlement agreement is fair and reasonable.

All five *Wolinsky* factors weigh in favor of approval.  First, the settlement agreement provides for a total settlement payment of $5,000, with $3,333.33 payable to Plaintiff and $1,666.67 payable to Plaintiff's counsel as attorneys' fees.  According to Plaintiff, her best possible recovery at trial on her FLSA claim would be $2,036 for unpaid FLSA wages and $2,036 for FLSA liquidated damages.  *Cheeks* Mot. at 3.[2]  The amount payable to Plaintiff in the proposed settlement constitutes approximately 82 percent of the total amount to which Plaintiff claims she would have been entitled had she prevailed at trial, and more than 100 percent of her total alleged FLSA overtime damages.  This percentage of recovery is substantially greater than recovery amounts in other FLSA cases in this District where courts have approved settlement terms.  *See, e.g.*, *Santos v. YMY Mgmt. Corp.*, No. 20-cv-1992 (JPC), 2021 WL 431451, at *1 (S.D.N.Y. Feb. 8, 2021) (approving settlement where plaintiff's recovery was "approximately 18% of Plaintiff's total alleged damages and approximately 39% of his total alleged minimum wage and overtime owed," and noting that "[c]ourts in this District routinely award settlement amounts within this range.") (collecting cases).

Second, the settlement will enable the parties to avoid significant additional expenses and burdens associated with establishing their claims and defenses.  The parties have not yet conducted discovery, and this settlement will allow them to avoid the expense of discovery as well as the expense of motion practice and trial.

Third, Plaintiff in particular would have faced significant litigation risks if this case had proceeded to trial.  Defendants assert that they have evidence contradicting Plaintiff's claims

---

[2] The proposed settlement agreement resolves only Plaintiff's FLSA claims.  The parties have entered into a separate agreement with respect to Plaintiff's non-FLSA claims.  *See Cheeks* Mot. at 1, 4-5.  Such bifurcated settlements are generally permissible.  *See, e.g.*, *Cronk*, 2021 WL 38264, at *6 (citing cases).

regarding her wages and hours worked, generally deny Plaintiff's claims, and argue that she was properly compensated for all hours worked.  More specifically, Defendants claim to have time records and pay records for Plaintiff that would prove that Plaintiff was appropriately paid overtime wages.  They also maintain that an audit conducted last year by the U.S. Department of Labor ("DOL") concluded without the DOL asserting that any wages were owed under the FLSA.  It is certainly possible that Plaintiff could recover nothing at all if she were to proceed to trial.  Because of the anticipated risks and costs involved in pursuing this matter through discovery and trial, settlement is an effective means of resolving the litigation for all parties.

With respect to the fourth and fifth *Wolinsky* factors, the Court has no reason to believe that the proposed settlement is anything other than the product of arm's-length bargaining between experienced counsel and no reason to believe that the proposed settlement is the product of fraud or collusion.

Moreover, none of the factors set forth in *Wolinsky* that weigh against approving a settlement exist in this case.  This is a case involving an individual Plaintiff—the Court is not aware of other employees who are similarly situated to Plaintiff, and Plaintiff will be the only employee affected by the settlement and dismissal of the lawsuit.  Given that the employment relationship between Plaintiff and Defendants has ended, there is no likelihood that the circumstances that gave rise to this lawsuit will recur.  The Court is not aware of a history of FLSA non-compliance by this employer, and the complaint in this matter does not appear to raise novel factual or legal issues that would further the development of law in this area.

The proposed settlement agreement also does not contain any problematic provisions that would preclude court approval.  There are no confidentiality provisions in the proposed agreement, and although the agreement does include a mutual non-disparagement clause, that

provision incorporates appropriate carve-outs for truthful statements by Plaintiff and the individual Defendants about their experiences litigating this case, about Plaintiff's FLSA claims in this case, and about the resolution of the case. *See Pena v. Top Concourse Elecs., Inc.*, No. 20-cv-1015 (JLC), 2020 WL 6590713, at *1 (S.D.N.Y. Nov. 10, 2020) (mutual non-disparagement provision must include carve-out for truthfulness); *Ramos Pelico v. PGNV, LLC*, No. 18-cv-9761 (PAC), 2019 WL 2710176, at *3 (S.D.N.Y. June 28, 2019) (approving mutual non-disparagement clause with carve-out that it "shall not apply to truthful statements made by any of the Parties regarding their experiences in the Litigation and/or the underlying facts of any claim or defense") (quotation marks omitted); *Cortes v. New Creators, Inc.*, No. 15-cv-5680 (PAE), 2016 WL 3455383, at *4 (S.D.N.Y. June 20, 2016). The settlement agreement also contains a release that is appropriately limited to FLSA claims asserted in this action and related FLSA claims that could have been asserted. *See, e.g., Illescas v. Four Green Fields LLC*, No. 20-cv-9426 (RA), 2021 WL 1254252, at *1 (S.D.N.Y. Apr. 5, 2021).

With respect to attorneys' fees,[3] the proposed settlement provides for Plaintiff's counsel to receive $1,666.67, which is one-third of the total settlement amount. "Courts in this District routinely award one third of a settlement fund as a reasonable fee in FLSA cases." *Santos*, 2021 WL 431451, at *2 (quotation marks and brackets omitted). "However, even when the proposed fees do not exceed one third of the total settlement amount, courts in this Circuit use the lodestar method as a cross check to ensure the reasonableness of attorneys' fees." *Id.* (quotation marks omitted). Appropriately, Plaintiff's counsel has submitted contemporaneous time records and hourly rate information to substantiate the fee application. *See Fisher*, 948 F.3d at 600 ("The fee

---

[3] Plaintiff's counsel does not seek any costs.

applicant must submit adequate documentation supporting the requested attorneys' fees and costs.").

Applying the lodestar method, Plaintiff's representatives spent a total of 20.6 hours on this case, which would have yielded a total lodestar fee of $6,240.00. *See* ECF No. 34-2. Peter A. Romero, an attorney with approximately 18 years of experience in employment law, spent 2.4 hours, at an hourly rate of $400; David D. Barnhorn, an attorney with almost 10 years of experience in employment law, spent 17.3 hours, at an hourly rate of $300; and Angelica Villalba, a paralegal, spent 0.9 hours, at an hourly rate of $100.[4] *Id.* The proposed attorneys' fee represents approximately 27 percent of the lodestar amount, which is fair and reasonable given the facts and circumstances of this case. *See Gervacio v. ARJ Laundry Servs. Inc.,* No. 17-cv-9632 (AJN), 2019 WL 330631, at *3 (S.D.N.Y. Jan. 25, 2019) ("The true lodestar amount is therefore greater than the fee award contained in the settlement agreement. As a result, the Court does not disturb the calculation of attorneys' fees . . . .").

## CONCLUSION

For the reasons set forth above, the Court finds the proposed settlement to be fair and reasonable, and the settlement agreement as filed at ECF No. 34-1 is hereby APPROVED.

Plaintiff will receive a total of $5,000, with $3,333.33 payable to Plaintiff and $1,666.67 payable to Plaintiff's counsel as attorneys' fees.

The Court thus dismisses this case with prejudice pursuant to the parties' stipulation, which is included as Exhibit A to the settlement agreement. The Court has signed the stipulation and will docket that separately.

---

[4] Because the Court finds the requested fee to be reasonable, it will not address whether the rate and number of hours expended on this case, as reflected in Plaintiff's counsel's billing records, are themselves reasonable.

6

The Clerk of Court is respectfully directed to terminate all pending motions in this action and close the case.

Dated: October 25, 2022
      White Plains, New York

**SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge